UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL SMITH,
        Plaintiff,

v.                                          Case No. 06-C-135

RICHARD DIETZ,
        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff, who is proceeding pro se, appears to be incarcerated at the Brown County Jail.[1] He lodged a complaint against Richard Dietz, a circuit judge in Brown County. He has also filed a motion to proceed *in forma pauperis*. The motion will be denied and the case will be dismissed.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $250.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

---

[1] There appears to be some confusion over whether the plaintiff is (or was) incarcerated at the jail when this lawsuit was instituted. In the event he was not, in which case the Prison Litigation Reform Act does not apply, the case is dismissed under this court's inherent power to dismiss cases that do not state claims, are frivolous, or fail to comply with the Federal Rules of Civil Procedure. *See, e.g., Roby v. Skupien*, 762 F. Supp. 813 (N.D. Ill.1991).

In this case, the plaintiff has filed the required affidavit of indigence. He states that he owns several cars and other property, but in all cases they are "to [sic] many" to list. This does not give the court any basis on which to grant relief from the filing fee in this case. Accordingly, the full amount of the filing fee will be due within 20 days of the date of this order and leave to proceed *in forma pauperis* therefore will be denied.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, Smith's complaint fails to state a claim upon which relief may be granted, in violation of Fed. R. Civ. P. 12(b)(6); it also fails Fed. R. Civ. P. 8(a) in that it does not present a short and plain statement of any claim. In short, the complaint is simply not intelligible, and for that reason it will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is denied.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   7th   day of February, 2006.

                                       s/ William C. Griesbach
                                       William C. Griesbach
                                       United States District Judge